**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| In re WILLIAM B. RICHARDSON, | ) | Case No. 03-05172 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DIANE WARREN, | ) | |
| | ) | Adversary Proc. No. 04-00077A |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| WILLIAM B. RICHARDSON, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**MEMORANDUM**

This matter comes before the court on a motion by the defendant William B. Richardson ("the Defendant") to dismiss this adversary proceeding. This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A)(B)&(I). Accordingly, this court may render a final decision.

1

The motion shall be denied.

*Facts*

On October 17, 2003, Diane Warren ("the Plaintiff") filed a Bill of Complaint sounding in fraud and conversion against the Defendant in the Circuit Court of Smyth County, Virginia ("the Bill of Complaint"). The case was docketed as Chancery Case 03-214 ("the Smyth County Case"). In the Bill of Complaint, the Plaintiff alleged that she had paid the Defendant $56,500.00 to complete the reconstruction of a 1932 Dodge automobile and that the agreement had been reduced to an executed writing. The Defendant further alleged in the Bill of Complaint that, as of August 5, 2002, the Defendant told the Plaintiff that the vehicle had been moved to another location and that he refused to divulge to the Plaintiff. The Defendant failed to answer the Bill of Complaint. Subsequently, default judgment was entered against the Defendant in the Smyth County Case.

Shortly thereafter, on December 30, 2003, the Defendant filed a chapter 7 petition with the Clerk of this Court. On March 4, 2004, the Plaintiff filed a motion for relief from the stay to proceed with the Smyth County Case. On March 30, 2004, a second order was entered on docket in the Defendant's bankruptcy case granting the motion and permitting the Plaintiff to prosecute the Smyth County Case, on the condition that the Defendant herein be permitted to file an answer in that case.

The Defendant appealed both orders to the United States District Court which affirmed both orders. The Defendant appealed both affirmations to the U. S. Court of Appeals for the Fourth Circuit.

On September 14, 2004, the Defendant filed a motion in the Smyth County Case to file

an answer and transfer venue to Lynchburg, Virginia.    The Smyth County Circuit Court granted the motion to file an answer and has taken the motion to transfer venue under advisement.

On August 1, 2004, the Plaintiff sought another extension of the time to file the complaint.   The court denied the motion.   On September 29, 2004, the Plaintiff filed the above-styled adversary proceeding, *pro se,* seeking a declaration that any debt arising from her claims in the Bill of Complaint is non-dischargeable under 11 U.S.C. § 523(a).

On December 16, 2004, the Defendant's appeal to the Fourth Circuit was dismissed.

A pre-trial hearing was scheduled for April 21, 2005.  On April 25, 2005, the clerk let issue a new summons to the Plaintiff.  On May 3, 2005, the Plaintiff filed a certificate of service evidencing that the she had served the Defendant and his counsel with the summons and complaint on "April 26 & 27, 2005".

On May 4, 2005, the Defendant filed the instant motion to dismiss this adversary proceeding on the grounds that this court lacks subject matter jurisdiction over the matter because the Plaintiff failed to serve the summons and complaint on the Defendant within 120 days of the issuance of the of the summons.

*Discussion*

The Defendant argues that this court does not have jurisdiction over this matter because the Plaintiff failed to serve the summons and complaint within 120 days of the date that the complaint was filed, as provided for in Fed.R.Civ.P. 4(m) as made applicable in this hearing by Fed. R. Bankr. P. 7004.  Rule 4(m) provides:

> **(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided

> that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

This rule instructs courts to provide additional time for service in cases where good cause for the delayed service is shown. 4B Wright & Miller; Federal Practice and Procedure: Civil 3d § 1137, p. 341 (2002). The burden is on the plaintiff. Id. at 342. Also see Woods v. Partenreederei M.S. Yankee Clipper, 112 F.R.D. 115 (D.C. Mass. 1986).

Courts have found good cause when the plaintiff has been engaged in good faith settlement negotiations, Assad v. Liberty Chevrolet, Inc., 124 F.R.D. 31 (D.R.I. 1989) (Magistrate's report), when a pro se plaintiff made a reasonable effort to effect service by a United States Marshall, Byrd v. Stone, 94 F.3d 217 (9th Cir. 1996), when a defendant attempts to avoid service, Hibernia Nat. Bank v. Carner, 758 F.Supp. 382 (D.La. 1991), and when the plaintiff is *pro se*, Poulakis v. Amtrak, 139 F.R.D. 107 (D.Ill. 1991) (*Pro se* plaintiff is entitled to a certain degree of leniency regarding service of process so as to ensure that his case is justly resolved on the merits rather than on the basis of procedural technicalities).

But Rule 4(m) does not necessarily require a showing of good cause. Rule 4(j), now preserved in Rule 4(m) was added to Rule 4 in by Congress in 1983. The Advisory Committee Notes to Rule 4(m) provide in part:

> The new subdivision [(m) of Rule 4] explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown.*

1993 Advisory Committee Notes (Emphasis added.). Also see Melton v. Tyco Valves & Controls, Inc., 211 F.R.D. 288, 289 (D.Md. 2002) (The new Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of the [the 120-day service rule] even if

there is no good cause shown.") and Husowitz v. American Postal Workers Union, 190 F.R.D. 53 (D.C.N.Y. 1999) ( A District Court may, in its discretion, extend the time for service of process even if the plaintiff fails to show good cause.  If the plaintiff shows good cause, then it is mandatory.)  Even the Supreme Court has noted in dicta good cause need not be shown Hendersen v. United States, 517, U.S. 654, 663 (1996) ("[I]n 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period, 'even if there is no good cause shown'.") (Ginsberg, J.,citing Advisory Committee's Note.)

In this case the plaintiff has shown good cause.   The plaintiff has proceeded pro se from the beginning of the adversary proceeding.  She has otherwise been diligent in prosecuting this adversary proceeding.  Furthermore the Defendant, who had actual knowledge of this adversary proceeding almost from its inception and who has waged a scorched-earth procedural defense from its inception, will not be prejudiced by the denial of his motion to dismiss.

The Defendant cites two Virginia bankruptcy cases in support of his motion, In re Oprean, 189 B.R. 616 (Bankr. E.D.Va. 1995) and In re Hall, 222, B.R. 275 (Bankr. E.D.Va. 1998).  In each case, the Plaintiff was represented by counsel, unlike the case at bar.

Even if this court did not find good cause to allow the Plaintiff to serve the summons and complaint at this time, the acute preference in the law for judgments on the merits would strongly counsel the court to exercise its discretion and deny of the motion to dismiss, especially in the absence of any sharp practice on the part of the Plaintiff.

*Conclusion*

The Defendant's motion to dismiss this adversary proceeding is denied.

An appropriate order shall issue.

Upon entry of this Memorandum, the Clerk shall forward a copy to Alexander W. Bell, Esq., counsel for the Plaintiff, and Sidney H. Kirstein, Esq., counsel for the Defendant.

Entered on this 12 day of July, 2005.

_____
William E. Anderson
United States Bankruptcy Judge